UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN NYGREN, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 4:21-cv-40002-IT |
| | * | |
| AMY BONCHER, Warden of Federal Medical Center Devens, in her official capacity, | * | |
| | * | |
| | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

March 24, 2021

TALWANI, D.J.

Petitioner Steven Nygren brings an <u>Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241</u> [#1] asserting that his detention during the COVID-19 pandemic violates the Eighth Amendment. Respondent Amy Boncher has moved to dismiss the petition on the grounds that (1) Petitioner's request is not properly brought as a habeas petition, (2) the Prison Litigation Reform Act ("PLRA") limits the court's authority to order Petitioner's release, and (3) Petitioner has failed to establish an Eighth Amendment violation. Mot. to Dismiss [#7].

This is not the first time that this court has been asked to address these exact questions by the Warden of Federal Medical Center Devens. <u>See</u> Motion to Dismiss, <u>Abarientos v. Spaulding et al.</u>, No. 20-cv-10855 (D. Mass. May 18, 2020) ECF No. 11. Regarding the issue of the availability of habeas corpus, the court explained:

> The Supreme Court has observed that "the writ's history makes clear that it traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 486 (1973)). The First Circuit, moreover, has found that where a "prisoner is seeking what can be fairly described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and

> financial constraints of bond or parole or probation . . . then habeas corpus is his remedy." Gonzalez-Fuentes v. Molina, 607 F.3d 864, 873 (1st Cir. 2010) (quoting Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991)). The Sixth Circuit recently held that, where the petitioners, a sub-class of medically vulnerable inmates, alleged that there were no mitigation efforts the Bureau of Prisons could undertake that would sufficiently prevent "irreparable constitutional injury" resulting from the contraction and spread of COVID-19, their petition was properly construed as one "challenging the fact or extent" of confinement and seeking release. Wilson v. Williams, 2020 WL 3056217 at *5 (6th Cir. June 9, 2020). As such, the court found the petition was properly brought under 28 U.S.C. § 2241. Id.; see also Baez v. Moniz, 2020 WL 2527865 (D. Mass. May 18, 2020) (finding that the petitioners' claims "sound in habeas" where they allege that "release is the only means of protecting" them from the COVID-19 pandemic). Here, Petitioner makes a similar allegation and, similarly, appropriately seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Order, Abarientos v. Spaulding et al., No. 20-cv-10855 (D. Mass. June 12, 2020) ECF No. 14.

Given that conclusion, the court went on to note:

> The PLRA applies only to a "civil action with respect to prison conditions," a term which, by the statute's own definition, "does not include habeas corpus proceedings challenging the fact or duration of confinement in prison." 18 U.S.C. § 3626(g)(2). In the case at bar, where Petitioner's claim is properly brought as a habeas petition challenging the fact of confinement, the PLRA does not limit the court's jurisdiction.

Id. The court finds no reason to reach different conclusions today.

Regarding the final issue of whether the Petition [#1] is subject to dismissal because Petitioner "cannot establish that Respondent has been deliberately indifferent to his medical needs," Mot. to Dismiss 2 [#7], the Respondent, as before, "points to no failure in pleading but relies instead on matters outside of the Petition. As such, the question of whether Petitioner can establish an Eighth Amendment violation is not properly addressed on the pending motion." Order, Abarientos v. Spaulding et al., No. 20-cv-10855 (D. Mass. June 12, 2020) ECF No. 14.

Accordingly, Respondent's Motion to Dismiss [#7] is DENIED.

IT IS SO ORDERED.

March 24, 2021                                      /s/ Indira Talwani
                                                    United States District Judge